UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON FOREMAN and
RASHEEDEH FOREMAN,

          Plaintiffs,

    v.

PACIFIC INTERNATIONAL RICE
MILLS, INC.,

          Defendant.

_____/

NO. CIV. S-07-1522 LKK/GGH

O R D E R

This is a negligence and premises liability action arising out of an injury that plaintiff sustained while performing roof work at defendant Pacific International Rice Mills, Inc.'s (PIRMI's) facility. Plaintiffs Brandon Foreman and his wife, Rasheedeh Foreman, wish to pursue this action in state court, because they seek to join a defendant whose presence would destroy subject matter jurisdiction. Accordingly, they have moved for voluntary dismissal of this action, or dismissal on the basis that an indispensable party cannot be joined. Alternatively, they seek leave to amend the complaint to add the putative defendant, whose

1

presence would require dismissal of the action. For the reasons explained below, the court grants the motion to dismiss under Rule 41(a)(2), which permits the court to dismiss an action at plaintiffs' request on terms it deems proper.

## I. Background

Plaintiff Brandon Foreman was employed by Petrochem Insulation as an asbestos abatement worker. Compl. ¶ 12. Petrochem Insulation was hired by defendant PIRMI, the owner of a warehouse in Woodland, California, to secure asbestos material that had come loose on its roof.[1] Compl. ¶ 20. Plaintiff Foreman was working at the Woodland warehouse on June 19, 2007 when the roof gave way and he fell into the warehouse below, sustaining injuries. Compl. ¶ 12. On July 27, 2007, he and his wife, both California residents, brought the present suit against defendant PIRMI, a Missouri resident, for negligence and premises liability. Plaintiffs did not demand a jury trial.

Plaintiffs now wish to join John Davidowski, a safety consultant working at the warehouse, as a defendant. Plaintiffs claim that they were not made aware of Mr. Davidowski's status as an independent contractor (to Anheuser-Busch), rather than as an employee of plaintiff or defendant, until Mr. Davidowski's deposition on June 4, 2008. Defendant, however, notes that Mr. Davidowski's status as a private contractor was disclosed in its

---

[1] PIRMI is allegedly a wholly owned subsidiary of Anheuser-Busch, Inc., which was dismissed as a defendant by stipulation and order on August 10, 2007.

2

1 initial disclosures on September 11, 2007.  In addition, plaintiffs
2 previously noticed Mr. Davidowski's deposition on October 24, 2007.
3     Mr. Davidowski is a resident of California, whose presence in
4 this suit would therefore destroy diversity of citizenship.
5 Plaintiffs commenced an action in state court against both PIRMI
6 and Davidowski on June 19, 2008, demanding a jury trial.  They now
7 seek to dismiss this action under Federal Rule of Civil Procedure
8 41(a)(2) and/or Federal Rule of Civil Procedure 19.  Alternatively,
9 plaintiffs seek leave to amend the complaint to add Davidowski,
10 which would then require dismissal of the suit.

**II. Standard**

**Dismissal under Fed. R. Civ. P. 41(a)(2)**

13     Federal Rule of Civil Procedure 41(a) provides for two methods
14 of voluntary dismissal.  First, plaintiff may dismiss an action
15 without a court order if (i) a notice of dismissal is filed before
16 the opposing party serves either an answer or a motion for summary
17 judgment, or (ii) all parties who have appeared sign a stipulation
18 of dismissal.  Fed. R. Civ. P. 42(a)(1).  Second, an action may be
19 dismissed at the plaintiff's request by court order on terms that
20 the court deems proper.  Fed. R. Civ. P. 42(a)(2).
21     "A district court should grant a motion for voluntary
22 dismissal under Rule 41(a)(2) unless a defendant can show that it
23 will suffer some plain legal prejudice as a result."  Smith v.
24 Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted).
25 Legal prejudice means "prejudice to some legal interest, some legal
26 claim, [or] some legal argument."  Id. at 976 (internal quotation

3

marks omitted). That said, uncertainty because a dispute remains unresolved does not constitute legal prejudice. Id. In addition, legal prejudice does not arise simply because the defendant would be inconvenienced by having to defend in another forum, or where plaintiff would gain a tactical advantage. Id.; see also Airborn Operating v. Erik-A Electronics, No. C 04-4996 JL, 2007 WL 484836, at *4 (N.D. Cal. Feb. 9, 2007) (rejecting argument that prejudice would result simply because defendant would lose the opportunity to succeed on the merits and accordingly recover attorneys' fees or pursue an action for malicious prosecution).

### III. Analysis

As noted above, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith, 263 F.3d at 975. Here, defendant argues that it would be prejudiced because (1) plaintiffs have attempted to circumvent their waiver of a jury trial in this action, and (2) defendant would be subject to duplicative discovery in the state court action.

**1. Jury Trial Waiver**

Where a party fails to make a timely demand for a jury trial, he or she cannot simply request that the court dismiss the action in order to pursue a new action and then file a timely demand for a jury trial. Russ v. Standard Ins. Co., 120 F.3d 988, 990 (9th Cir. 1997). To allow otherwise would permit plaintiffs to accomplish indirectly under Rule 41 what they could not accomplish

4

directly under Rule 38, which governs jury trial demands. The "specific prohibition on district courts granting jury trials where the parties have failed to comply with Rule 38 must trump the more general discretionary powers of district courts to permit plaintiffs to dismiss under Rule 41(a)(2)." Id.

The difficulty here is determining whether plaintiffs filed the state court action to circumvent their "failure" to file a timely demand for a jury trial in this action, or whether plaintiffs merely wish to pursue an action against Mr. Davidowski. In Russ, for example, the plaintiff filed a motion for a jury trial under Rule 39(b), which was denied, and she followed with a motion to dismiss under Rule 41(a)(2). 120 F.3d at 989. Accordingly, there was no dispute that plaintiff wanted to dismiss the action simply to file a new action and timely demand a jury trial.

Here, however, plaintiffs also seek to pursue their claims against a new defendant. In addition, pursuing relief against this defendant comes at a "cost" to plaintiffs by disrupting their initial choice of forum.[2] In light of these circumstances, it appears that plaintiffs' request for dismissal is motivated by the desire to pursue their claims against a new defendant, rather than by the desire to cure an alleged failure to demand a jury trial.

---

[2] Of course, in cases where forum-shopping is at issue, this is not a "cost" but the very reason for seeking dismissal. See, e.g., Kern Oil and Refining Co. v. Tenneco Oil Co., 792 F.2d 1380, 1390 (9th Cir. 1986) (finding prejudice where plaintiff requested dismissal after suffering adverse dispositive ruling). Here, however, the court has not made any rulings at all, let alone rulings adverse to plaintiffs, which therefore minimizes the likelihood that forum-shopping prompted the motion.

Accordingly, the court declines to find prejudice on this basis.

**2. Duplicative Discovery**

Defendant also contends that (1) it will suffer prejudice from a dismissal of this action, because significant discovery has already taken place,[3] and (2) it would be subject to duplicative discovery in the state court action, because any stipulation entered into by plaintiffs in this action to permit the sharing of discovery across the actions would not be binding on Mr. Davidowski. As of the filing of the motion, eleven percipient witnesses had been deposed[4] and the parties exchanged expert witness information and reports on June 30, 2008.

Some courts have relied on the stage of preparedness of the action sought to be dismissed in finding that defendant would suffer prejudice. See, e.g., Hartford Acc. & Indem. Co. v. Costa Lines Cargo Services, Inc., 903 F.2d 352, 360 (5th Cir. 1990) ("Where the plaintiff does not seek dismissal until a late stage

---

[3] Indeed, the discovery cut-off (August 14, 2008) occurred shortly after plaintiffs filed their motion.

[4] Plaintiffs respond that seven of the eleven depositions took place after plaintiffs requested that defendant stipulate to dismiss the action, which defendant declined to do. Of course, given that defendant had a right to refuse the stipulation (and similarly had a right to oppose plaintiffs' motion for voluntary dismissal), it was perfectly sensible for defendant to press forward with discovery. Defendant did not, for example, have the luxury of delaying the depositions pending the court's ruling on this motion, given that the discovery cut-off would have expired before briefing on the motion was even completed. Cf. Westlands Water Dist. v. United States, 100 F.3d 94, 98 (9th Cir. 1996) (court may delete award of fees and costs attributable to summary judgment motion where defendant could have awaited district court's ruling on motion for voluntary dismissal before incurring such costs).

6

1  and the defendants have exerted significant time and effort, the
2  district court may, in its discretion, refuse to grant a voluntary
3  dismissal."); Young v. Ford Motor Co., No. CV 07-0297 LJO/SMS, 2007
4  WL 1847663, at *3 (E.D. Cal. Jun. 27, 2007) (finding prejudice to
5  defendant where action had proceeded for 15 months and was on brink
6  of expert discovery).
7  　　　These cases, however, stand as exceptions to the rule:
8  typically, "the expense incurred in defending against a lawsuit
9  does not amount to legal prejudice," because the court may simply
10 condition dismissal on payment of costs by the plaintiff.
11 Westlands Water Dist., 100 F.3d at 97; see also Smith, 263 F.3d at
12 976; Helio, LLC v. Palm, Inc., No. C 06-7754 SBA, 2007 WL 1063507,
13 at *2 (N.D. Cal. Apr. 9, 2007) ("Legal prejudice is not constituted
14 by the expense incurred in defending a lawsuit").
15 　　　This is particularly true where it is likely that the
16 discovery can and will be used in future litigation.  For that same
17 reason, courts may only award attorneys' fees for work "which
18 cannot be used in any future litigation of these claims" Westlands
19 Water Dist., 100 F.3d at 97.  Here, defendant notes that Mr.
20 Davidowski would not be bound by any court order or stipulation to
21 permit the sharing of discovery across actions.  Nevertheless,
22 discovery is costly for both sides -- not only defendant -- and
23 while it is theoretically possible that Mr. Davidowski will engage
24 in duplicative discovery, the court cannot make a finding of legal
25 prejudice based on the mere prospect of discovery abuses in a
26

7

future forum.[5]

Furthermore, if the court were to deny plaintiffs' motion to dismiss, it is likely that both suits would simultaneously proceed. Unless this action were to reach final judgment prior to discovery in the state court action, it is likely that defendant would inevitably be subject to the same duplicative discovery burdens.

In sum, defendant has failed to show that plaintiffs' motion to dismiss is simply a veiled attempt at resuscitating a waived right to a jury trial, or that legal prejudice would result from duplicative discovery burdens. Instead, the court finds that dismissal of this action is appropriate, given plaintiffs' desire to pursue their claims against Mr. Davidowski.[6] See Favoured Development Ltd. v. Lomas, No. C06-02752 MJJ, 2007 WL 915234, at *3 (N.D. Cal. Mar. 23, 2007) (granting dismissal under Rule 41(a)(2) where plaintiff learned of new potential defendant during discovery and where dispute against new defendant would require arbitration).

---

[5] To the extent that Mr. Davidowski engages in duplicative discovery, the court will entertain a motion for attorneys' fees against plaintiffs at that point in time.

[6] Accordingly, the court need not address plaintiffs' alternative arguments, that dismissal is warranted because Mr. Davidowski is an indispensable party under Rule 19, or that leave to amend should be granted. While plaintiffs' delay in joining Mr. Davidowski as a defendant is pertinent to whether leave to amend should be granted, it is not part of the analysis for granting dismissal under Rule 41. As with the dismissal of cases that have already advanced to a mature stage, "the defendants' interests can be protected by conditioning the dismissal . . . upon the payment of appropriate costs and attorney fees." Westlands Water Dist., 100 F.3d at 97.

**IV. Conclusion**

For the reasons set forth above, the motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2) (Dock. No. 27) is GRANTED.

IT IS SO ORDERED.

DATED: August 20, 2008.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

9